## COURT OF SPECIAL SESSIONS, CITY OF NEW YORK — APPELLATE PART — FIRST JUDICIAL DEPARTMENT.

### June 5, 1923.

## THE PEOPLE v. EMANUEL PAGE.

(1) DISORDERLY CONDUCT—INTOXICATING LIQUORS.

Police officers in plain clothes went into a drug store, and charged that they witnessed sale of whiskey; a clerk in store objected to their making a search, told them that he did not believe they were police officers, and pushed one of them, as he said he was going out to call a policeman in uniform. For this he was convicted of disorderly conduct tending to a breach of the peace. Held error. The officers had no warrant

and there was no competent proof that whiskey was sold, and if there were no such sale the search was unlawful, and any reasonable resistance was permissible.

(2) SAME.

Even if the arrest for unlawful sale was justified by the facts, the officers were entitled to no more deference than should have been accorded to any citizen doing the same thing that they were doing.

CLARENCE EDWARDS, Presiding Justice.

JOHN J. McINERNEY and FREDERIC KERNOCHAN, Associate Justices.

*Frederick L. Hackenburg,* for the appellant.

*Joab H. Banton (Howard Spellman,* of counsel), for the respondent.

This is an appeal from a judgment of conviction charging the defendant guilty of disorderly conduct, tending to a breach of the peace, rendered by Magistrate Earl A. Smith, in the Seventh District Magistrate's Court, Borough of Manhattan, on March 23d, 1923, and upon which conviction sentence was suspended.

EDWARDS, P. J.:

Police officers in plain clothes of whom the complainant was one went in a drug store owned by appellant's brother and charging that they witnessed a sale there of intoxicating liquor (whiskey), arrested the proprietor and a clerk, and made a search of the premises. The appellant being also a clerk in the store, objected to what was done; told the officers he believed they were not actually officers and said he was going to call a policeman in uniform. In talking, he laid his hand on complainant and pushed by him in going out for the purpose stated. For this he was convicted of disorderly conduct tend-

ing to a breach of the peace and appeals from the conviction, sentence having been suspended. The complainant said the liquor he saw sold was whiskey, but gave in evidence no facts to sustain that conclusion except the statement which he said was made to him by the purchaser. What the appellant said was expression of doubt of the lawfulness of the officer's action. His putting his hand on the complainant was without violence and consisted of mere earnest gesture of protest and expostulation. This was not disorderly conduct tending to a breach of the peace. The officers had no warrant and the only justification their behavior could have had was that a misdemeanor was committed in their presence. There was no competent proof that whiskey was sold; and, if there were no such sale, the arrest as well as the search was unlawful and any reasonable resistance to both was permissible.

But even if the arrest for unlawful sale of intoxicating liquor was justified by the facts, the officers were entitled to no more deference than should have been accorded to any citizen doing the same thing that they were doing, and under the circumstances argument by temperate speech on the part of the appellant, without show or threat of physical violence, against the propriety of the officers' proceedings, even though such argument extended to expression of doubt of the truth of the claim of official authority was neither a crime nor an offense of a criminal nature. The complaint should have been dismissed on the appellant's motion at the trial.

I vote to reverse the conviction on the law and on the facts; to dismiss the proceeding and to discharge the appellant.

McINERNEY, J.:

I vote to set aside the conviction and discharge the defendant on the charge of disorderly conduct. It seems to me clearly the defendant did not believe the complainant was a policeman and simply wished to make certain of it. I do not believe the action complained of is disorderly conduct and vote to dis-

charge the defendant and dismiss the information on the law and the facts.

(KERNOCHAN, C. J., concurs.)

Therefore we direct that the judgment appealed from be reversed on the law and on the facts; complaint dismissed and the defendant discharged.